# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY CLAWSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0113** (BOR Appeal No. 2047339)
(Claim No. 2012020367)

**GOODWILL OF PITTSBURGH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shirley Clawson, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Goodwill of Pittsburgh, by Patricia E. McEnteer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 10, 2013, in which the Board reversed a June 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 29, 2011, decision rejecting the claim. The Office of Judges held the claim compensable for a thoracic strain, a lumbar strain, and an L5-S1 disc herniation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material misstatement or mischaracterization of particular components of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Clawson worked for Goodwill of Pittsburgh. On December 13, 2011, she was seated on the floor fixing a television. When she attempted to stand up, she felt a pinch in her lower back which caused pain in her back and hips. Following the incident, Ms. Clawson was treated by Deanna Fernandez, D.C., and Emmanuel Munoz, M.D., who found that Ms. Clawson had a thoracic strain and a lumbar strain. Dr. Fernandez and Dr. Munoz also found that Ms. Clawson had radiculitis. Ms. Clawson filed an application for workers' compensation benefits based on

1

this injury. On December 29, 2011, the claims administrator rejected her claim because there was no specific incident causing her condition. Ms. Clawson then underwent two separate MRI scans of her lower back which both showed a herniation at the L5-S1 disc. Bill Hennessey, M.D., evaluated Ms. Clawson. He noted that she had a history of lower back and hip pain. He also noted that she had received treatment for sciatic radicular pain in the early part of 2011. Dr. Hennessey found that there was insufficient evidence that leaning forward from the sitting position or standing up from the seated position caused her injury. Dr. Hennessey suspected that Ms. Clawson had S1 nerve root irritation prior to the date of injury which had become spontaneously worse while Ms. Clawson was at work. On June 14, 2012, the Office of Judge reversed the claims administrator's decision. The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision on January 10, 2013, leading Ms. Clawson to appeal.

The Office of Judges concluded that the claim should be held compensable for a thoracic strain, a lumbar strain, and a herniated disc at L5-S1. The Office of Judges determined that Ms. Clawson's low back and radicular pain had increased on December 13, 2011. The Office of Judges also noted that both MRIs, which were taken after the date of injury, showed that she had a herniated L5-S1 disc. The Office of Judges found that, since there was no diagnosis of a herniated disc prior to the date of injury, Ms. Clawson must have suffered a new injury on December 13, 2011.

The Board of Review concluded that the Office of Judges was clearly wrong because Ms. Clawson did not sustain her burden of proving that she suffered an injury in the course of and resulting from her employment. The Board of Review found that Ms. Clawson simply experienced pain while at work. The Board of Review also noted that Ms. Clawson did not give a full account of her prior medical history.

The decision of the Board of Review is based on a material mischaracterization of Ms. Clawson's prior medical history. Ms. Clawson's symptoms and conditions are sufficiently distinct from her prior history of lower back pain, particularly in terms of severity, that the Office of Judges was justified in finding that she had suffered a new injury on December 13, 2011. The treatment notes of Dr. Fernandez and Dr. Munoz demonstrate that Ms. Clawson suffered a thoracic and lumbar strain. Additionally, the MRI evidence in the record shows that Ms. Clawson incurred an L5-S1 herniated disc which was not present in any of her prior medical records. The evidence in the record shows that these conditions were sustained in the course of and resulting from her employment. Dr. Hennessy's suggestion that the disc herniation spontaneously developed is speculative and was not sufficient to justify the Board of Review's decision to reverse the Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' June 14, 2012, Order, which held Ms. Clawson's claim compensable.

Reversed and Remanded.

**ISSUED:   October 3, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin